MARY BERNADETTE BAUMER, an Infant, etc., and LOUIS BAUMER, Plaintiffs, *v.* SIDNEY GOTTLIEB and Another, Defendants·

Supreme Court, Trial Term, Kings County, November 9, 1936.

*Harry Levine*, for the plaintiffs.

*Tippett & Talley* [*D. S. Talley* of counsel], for the defendants.

KADIEN, J.   A car owned and operated by the defendant Gottlieb struck the infant plaintiff.   She sustained injuries, and the infant and her father are bringing this action to recover damages and for the loss of her services from the individual and corporate defendants.

The plaintiffs alleged and sought to prove that at the time of the occurrence the defendant Gottlieb was operating the automobile for and on behalf of the corporate defendant.   At the end of the

plaintiffs' case the corporate defendant rested and took no further part in the trial. Its liability must, therefore, be decided on that proof. The defendant Gottlieb put in his case.

The proof establishes that Gottlieb was employed by the corporate defendant to solicit orders in the territory of Brooklyn and New York on its behalf on a strictly commission basis, in the manner and at such times as he determined. He was not required to sell exclusively the merchandise of the corporate defendant but only to refrain from the sale of products of its competitors. It was customary for him to report at the office of the corporate defendant weekly and at times twice a week to report sales and to have his commissions thereon adjusted and paid. The corporate defendant knew that Gottlieb used an automobile in his selling operations but it did not have any control over him with respect to the use of the vehicle, which was personally maintained by him. At the time of the occurrence the individual defendant was endeavoring to obtain orders for the sale of the corporate defendant's merchandise. The plaintiffs failed to prove that at the time of the accident the relation of master and servant existed between the defendants. The defendant Gottlieb was an independent contractor. (*Malloy* v. *Scott,* 248 App. Div. ——; *Sudowski* v. *Toledo Scale Co.,* 243 id. 553; *Haykl* v. *Drees,* 247 id. 90; *Fritz* v. *Chertok,* N. Y. L. J., Dec. 21, 1935, p. 2556; affd., 248 App. Div. 573.) As to the corporate defendant, Adelphi Paint and Color Works, Inc., the complaint is dismissed, without costs.

The evidence is conclusive that the plaintiff suddenly ran into the street and against the automobile, sustaining the injuries of which she now complains. She is only nine years of age but unusually intelligent. She knew the dangers of the highway and had been warned of those dangers. The credible evidence sustains the defendant Gottlieb's contention that the accident was without any fault on his part. Judgment for the defendant Gottlieb, without costs.